IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. GRIFFIN,

       Plaintiff,                    No. 2:10-cv-2525 MCE JFM (PC)

    vs.

J. CLARK KELSO, *et al.*,

       Defendants.              FINDINGS & RECOMMENDATIONS

                            /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is defendant J. Clerk Kelso's motion to dismiss / motion for summary judgment. Plaintiff opposes the motion. Upon review of the motion, the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

### ALLEGATIONS OF THE COMPLAINT

        Plaintiff is a state prisoner currently incarcerated at Salinas Valley State Prison in Soledad, California. The incidents at issue occurred while plaintiff was incarcerated at California State Prison, Sacramento. Beginning in 2008, plaintiff alleges that he has suffered a variety of ailments, including a degenerative hip condition, arthritis, asthma and mobility issues, which require constant medical / nursing care. Plaintiff brings suit against a number of defendants, including Kelso, for violations of his Eighth Amendment rights.

As to Kelso, plaintiff's allegations are reproduced here in their entirety:

> Plaintiff is informed and believes and thereon alledges [*sic*], that defendant J. Clark Kelso (California Health Care Receivership Corp) and at all times relevant herein is in charge of all health care / treatment of prisoners incarcerated at all [California Department of Corrections and Rehabilitation "CDCR"] prisons / institutions.  As the Health Care Receiver defendant J. Clark Kelso is and has been responsible for promulgating, supervising the promulgation of, monitoring compliance with, enforcing and/or supervising the enforcement of policies and procedures affecting the medical care of all prisoners within the CDCR.  In this position defendant J. Clark Kelso, is and has been responsible for assuring that all prisoners receive proper medical care, including proper diagnosis and treatment. At all times mentioned defendant J. Clark Kelso was acting under color of state law, in the course and scope of duties, and is sued herein in his official capacity.

Compl. at 2.  Plaintiff requests damages and injunctive relief.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff initiated this action on September 17, 2010 against defendants Kelso, Dr. J. Bal, Dr. Sahota, Dr. A. Nangalama, CCII A. Masuret, CCI T. Woods, J. Rhoads NP, Dr. D. Pompan, Dr. D. Bright and Dr. Sepulveda.

On April 22, 2011, defendant Kelso filed a motion to dismiss.[1]  Plaintiff filed an opposition to this motion on July 11, 2011.  On July 15, 2011, Kelso filed a reply.

## STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell

---

[1] Pending before the court are two motions to dismiss filed by the remaining defendants. See Doc. Nos. 19 and 28.

2

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not
2  necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim
3  is and the grounds upon which it rests.'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell
4  Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

5  On February 10, 2011, plaintiff received the notice required by Wyatt v. Terhune,
6  305 F.3d 1033 (9th Cir. 2002), for opposing a motion to dismiss for failure to exhaust
7  administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

8  Summary judgment is appropriate when, viewing the facts in the light most
9  favorable to the nonmoving party, there is no genuine issue of material fact, and the moving
10 party is entitled to judgment as a matter of law.  Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.
11 1996); Fed. R. Civ. P. 56(c).  The moving party bears the burden of presenting authenticated
12 evidence to demonstrate the absence of any genuine issue of material fact for trial.  Celotex
13 Corp. v. Catrett, 477 U.S. 317, 323 (1986); Orr v. Bank of America, 285 F.3d 764 (9th Cir.
14 2002).

15                                                           DISCUSSION

16 Defendant Kelso, sued in his official capacity as Receiver for the California
17 prison medical health care system, filed a motion to dismiss / motion for summary judgment on
18 the grounds that (1) the complaint fails to state a claim against him; (2) he is not subject to suit
19 under 42 U.S.C. § 1983 because he is a federal official acting under federal law; and (3) as the
20 Receiver, he is entitled to absolute quasi-judicial immunity.  Plaintiff opposes the motion by
21 arguing that Kelso was aware of plaintiff's medical needs but failed to act on the knowledge.

22 For the reasons set forth below, the undersigned finds that plaintiff's complaint is
23 subject to dismissal.  First, plaintiff names Kelso as a defendant in this matter but fails to set
24 forth any specific factual allegations with regard to him.  Thus, it appears that plaintiff seeks to
25 hold Kelso liable in his supervisory capacity.  However, there is no respondeat superior liability
26 under 42 U.S.C. § 1983.  Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead,

1  "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities
2  of each individual defendant whose acts or omissions are alleged to have caused a constitutional
3  deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing Rizzo v. Goode, 423
4  U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, plaintiff must allege
5  personal acts by each individual defendant which have a direct causal connection to the
6  constitutional violation at issue. See Sanders v. Kennedy, 794 F.2d 478, 483 (9th Cir. 1986);
7  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

8       Supervisory prison officials may only be held liable for the allegedly
9  unconstitutional violations of a subordinate if plaintiff sets forth allegations which show: (1) how
10 or to what extent they personally participated in or directed a subordinate's actions, and (2) in
11 either acting or failing to act, they were an actual and proximate cause of the deprivation of
12 plaintiff's constitutional rights. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). As
13 currently pleaded, however, plaintiff's complaint fails to set forth facts which might be liberally
14 construed to support an individualized constitutional claim against defendant Kelso.

15      In his opposition, plaintiff contends Kelso was aware of plaintiff's serious
16 medical needs and "did nothing to correct it." Opp'n at 2. In support, plaintiff submits a letter
17 mailed to him on March 4, 2011 from the Prison Health Care Receivership dated March 4, 2011
18 and purportedly in response to plaintiff's November 27, 2010 letter wherein plaintiff sought
19 immediate intervention for his medical needs. See id., Attach. As a general rule, however, a
20 district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion
21 to dismiss for failure to state a claim. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.
22 2001). Rule 12(d) provides that when "matters outside the pleadings are presented to and not
23 excluded by the court, the motion must be treated as one for summary judgment under Rule 56."
24 Fed. R. Civ. Pro. 12(d). If a motion to dismiss is converted to summary judgment in this way,
25 "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent
26 to the motion." Id.

4

Nonetheless, there are two exceptions to the general rule forbidding consideration of extrinsic evidence on a 12(b)(6) motion. Lee, 250 F.3d at 688. First, a court may take judicial notice of matters of public record outside the pleadings. Id. at 689. Second, a court may consider "material which is properly submitted as part of the complaint." Id. at 688 (internal quotation marks omitted). Such consideration may extend to documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (internal quotation marks omitted), superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006). Neither of these two exceptions applies to the attachment plaintiff submits. Accordingly, the court declines to consider the letter attached to plaintiff's opposition and finds that plaintiff has failed to state a claim against Kelso.[2]

The complaint is also subject to dismissal because Kelso is a federal official acting under color of federal law and, as such, is not subject to suit pursuant to Section 1983. See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987). This, however, does not foreclose suit in its entirety as plaintiff may bring a claim pursuant to Bivens v. Six Unnamed Agents, 403 U.S. 288 (1971) against Kelso in his individual capacity.

At this juncture, then, the court must determine whether leave to amend should be granted so as to allow plaintiff an opportunity to cure the aforementioned deficiencies. Upon consideration of defendant's final argument for dismissal, however, the court finds that defendant's motion to dismiss should be granted as a matter of law.

---

[2] Notwithstanding the fact that consideration of the letter is not proper on a motion to dismiss, the letter does not assist plaintiff's opposition as it does not show that Kelso was personally aware of plaintiff's medical needs. In his reply, Kelso counters that although his office (the Controlled Correspondence Unit ("CCU")) received plaintiff's letter, CCU does not notify and does not send copies of individual inmate correspondence to Kelso. See Shea Decl., ¶ 8.

/////

In his final argument, Kelso asserts that he is entitled to quasi-judicial immunity due to his role as Receiver. Quasi-judicial immunity[3] stems from the long-recognized common law doctrine of judicial immunity. Curry v. Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Partly to promote the use of the appellate process, acts performed by judges that relate to the judicial process are immune from attack. Id. Quasi-judicial immunity is immunity that extends to nonjudicial officers for "claims relating to the exercise of judicial functions." Id. (quoting Burns v. Reed, 500 U.S. 478, 499 (1991)). In other words, quasi-judicial immunity protects nonjudicial officers because their decisions are "functionally comparable" to those of a judge involving the exercise of discretion. Antoine v. Byers & Anderson, 508 U.S. 429, 436 (1993).

As noted earlier, Kelso is the Receiver for CDCR's health care system. See Plata v. Schwarzenegger, et al., C01-1351-TEH (N.D. Cal. Jan. 23, 2008).[4] Upon his appointment in 2008, "[t]he Receiver and his staff [were granted] the status of officers and agents of [the Plata Court], and as such [were] vested with the same immunities as vest with [the Plata] Court." Id., Ex. 1 at 6; Ex. 2. Those judicial immunities extend to immunity from suit. See Pierson v. Ray, 286 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ."). See also Coleman v. Schwarzenegger, 2007 WL 4276554 (E.D. Cal. Nov.29, 2007) (holding that a receiver who was "imbued with the power and authority to act in the name of the Court as the Court's officer" had judicial immunity). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11

---

[3] This doctrine is also referred to as "derivative judicial immunity." See New Alaska Dev. Corp. V. Guetschow, 869 F.2d 1298, 1303 (9th Cir. 1989).

[4] The court takes judicial notice of the attachments to defendant's motion as they are matters of public record. See Lee, 250 F.3d at 689.

(1991).  There are two primary exceptions to the absolute judicial immunity: first, where the judge's action is "not taken in the judge's judicial capacity"; and second, where the judge's action, "though judicial in nature, is taken in the complete absence of all jurisdiction."  See id. at 11-12.

Here, plaintiff brings suit against Kelso, who is "in charge of all health care / treatment of prisoners incarcerated" persons, for failure to ensure that plaintiff received adequate medical care.  Plaintiff, thus, asserts that Kelso failed to act in his role as Receiver and there is no allegation that Kelso acted "in the complete absence of all jurisdiction."  Based thereon, the court finds that Kelso is entitled to quasi-judicial immunity and suit may not be maintained against him.[5]  Therefore, the court hereby recommends that defendant's motion to dismiss be granted as a matter of law.

Accordingly, IT IS HEREBY RECOMMENDED that Kelso's April 22, 2011 motion to dismiss be granted as a matter of law.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

/////

/////

/////

---

[5] To the extent plaintiff argues that he should be granted leave to amend his complaint so as to allege that Kelso was aware of plaintiff's medical needs and failed to act upon that knowledge, the court finds that those allegations would similarly entitle Kelso to absolute quasi-judicial immunity because plaintiff would again be alleging that Kelso failed to act within his official capacity as Receiver of the health care system.

7

/////

/////

/////

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2011.

_____<br>UNITED STATES MAGISTRATE JUDGE

/014;grif2525.mtd1