IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. GRIFFIN,

    Plaintiff,                    No. 2:10-cv-2525 MCE JFM (PC)

    vs.

J. CLARK KELSO, *et al.*,

    Defendants.               FINDINGS & RECOMMENDATIONS

                                      /

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is defendants' June 7, 2011 motion to dismiss.  Plaintiff opposes the motion.  Upon review of the motion, the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

ALLEGATIONS OF THE COMPLAINT

Plaintiff is a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California.  The incidents at issue occurred while plaintiff was incarcerated at California State Prison, Sacramento ("CSP-Sac") in Folsom, California.  Defendants Bal, Sahota, Nangalama, Masuret and Woods are employees at CSP-Sac.  Compl. at 3-4.  Defendants Rhoads, Pompan[1], Bright and Sepulveda are employees at SVSP.  Id. at 4-6.

---

[1] Defendant Pompan filed a motion to dismiss individually on April 29, 2011, which is addressed by separate order.  Additionally, plaintiff brings suit against J. Clark Kelso, whose April 22, 2011 motion to dismiss is also addressed by separate order.

1     Plaintiff alleges that he suffers from a variety of ailments, including a
2  degenerative hip condition, arthritis, asthma and mobility issues, which require constant medical
3  and nursing care. Plaintiff brings suit against defendants for violations of his Eighth Amendment
4  rights for their failure to treat and/or accommodate his medical needs.
5     On April 29, 2009, plaintiff filed an inmate appeal at CSP-Sac, which was given
6  the tracking number SAC-10-09-11088 (Tracking No. IA-51-2009-20179). See Compl., Ex. A.
7  Therein, plaintiff alleged that he has mobility issues requiring medical care. Id. at 3-6. Plaintiff
8  sought an interview with Dr. Sahota and an immediate transfer to a medical facility. Id.
9     With his administrative grievance, plaintiff also submitted a Reasonable
10 Modification or Accommodation Request form (CDC 1824) ("1824 request"). See Compl., Ex.
11 A at 5. There, plaintiff requested an immediate transfer to a medical facility, daily physical
12 therapy at the medical facility and an appointment with an orthopedic surgeon. Id.
13    On May 11, 2009, plaintiff's grievance was assigned to the Health Care Appeals
14 Coordinator for a First Level response. See Compl., Ex. A at 7.
15    On June 18, 2009, plaintiff was interviewed by defendant Nangalama, M.D. See
16 Compl., Ex. A at 8. Thereafter, plaintiff's appeal was partially granted and plaintiff was
17 informed that a disability verification form, necessary for a transfer, was pending. Id. at 8-9. As
18 for his 1824 request for physical therapy and an appointment with an orthopedist, plaintiff was
19 informed that those requests would be considered upon the outcome of the transfer request. Id.
20    On July 12, 2009, plaintiff appealed to the second level of review because he had
21 not yet been transferred and because a disability verification form was not in his file. See
22 Compl., Ex. A at 4; 10-11. Plaintiff asserted that Drs. Sahota and Nangalama were deliberately
23 indifferent to his medical needs for their failure to effectuate a transfer. Id.
24    On July 24, 2009, plaintiff's appeal was partially granted by defendant Bal at the
25 second level of review. Compl., Ex. A at 10-11. Bal informed plaintiff that Drs. Sahota and
26 Nangalama were not medially indifferent because Dr. Nangalama did not have authority to

approve a medical transfer and that Dr. Sahota approved the medical transfer, but it had not yet been included in plaintiff's chart.  Id.

On November 17, 2009, plaintiff appealed to the third level of review because he had not yet been transferred.  Compl., Ex. A at 4.  On December 30, 2009 at the third level of review, plaintiff's complaint was screened out as untimely.  Compl., Ex. A at 2.

PROCEDURAL BACKGROUND

Plaintiff initiated this action on September 17, 2010 against defendants Clark Kelso, Dr. J. Bal, Dr. Sahota, Dr. A. Nangalama, CCII A. Masuret, CCI T. Woods, J. Rhoads NP, Dr. D. Pompan, Dr. D. Bright and Dr. Sepulveda.  Plaintiff alleges that since March 2008, defendants Bal, Sahota and Nangalama have been aware of and deliberately indifferent to plaintiff's serious medical needs.  Plaintiff also alleges that since May 2010, when he was transferred to SVSP, defendants Rhoads, Pompan, Sepulveda and Bright have been similarly aware of and deliberately indifferent to his medical needs.

On April 22, 2011, defendant Kelso filed a motion to dismiss.  Plaintiff filed an opposition to this motion on July 11, 2011.

On April 26, 2011, defendant Pompan filed a motion to dismiss.  Plaintiff has not filed an opposition to this motion.

Also on April 26, 2011, defendants Bal, Bright, Masuret, Nangalama, Rhoads, Sahota, Sepulveda and Woods filed an answer.  A scheduling order issued on May 3, 2011.

On June 7, 2011, the answering defendants filed a motion to dismiss.  Plaintiff filed an opposition to this motion on July 11, 2011.

STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197

(2007), and construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Erickson</u>, 551 U.S. 89, 127 S.Ct. at 2200 (quoting <u>Bell Atlantic</u> at 554, in turn quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

On February 10, 2011, plaintiff received the notice required by <u>Wyatt v. Terhune</u>, 305 F.3d 1033 (9th Cir.2002), for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

In their motion to dismiss, defendants seek dismissal of plaintiff's SAC on the ground that plaintiff failed to exhaust his administrate remedies.

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001)." <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).  Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action.  <u>Id.</u> at 1200.  Claims dismissed for failure to exhaust administrative remedies should be dismissed without prejudice.  <u>Id.</u>

In <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007), the United States Supreme Court held "that a prison's own grievance process, not [42 U.S.C. § 1997e(a)], determines how detailed a grievance must be to satisfy" the statutory requirement.  <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1120

(9th Cir. 2009). In Griffin, the Ninth Circuit held that "when a prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Id. at 1120 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). "The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Id.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal. Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005). Department regulations provide that the "informal level is waived for a variety of grievances, including those concerning 'alleged misconduct by a departmental peace officer.' Cal. Code Regs. tit. 15, § 3084.5(a)(3)(G)." Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009).

"Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . ." is required, Woodford v. Ngo, 548 U.S. 81 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," Woodford, 126 S.Ct. at 2382. Pursuant to applicable regulations, the failure to cooperate or be interviewed constitutes abuse of the appeals system and results in cancellation of the appeal, subjecting it to rejection upon screening. Tit. 15, §§ 3084.3(c)(8), 3084.4(d).

A.   CSP-Sac Defendants

Defendants Bal, Sahota, Nangalama, Masuret and Woods seek dismissal because plaintiff's appeal was dismissed as untimely at the third level of review. In his opposition,

/////

5

plaintiff asserts that exhaustion was unnecessary because his appeal was partially granted at the second level of review.

The PLRA requires a prisoner to exhaust his administrative remedies as long as the administrative authorities can take some action in response to the complaint. See Booth v. Churner, 532 U.S. 731, 733-34 (2001); see also Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'"). The Supreme Court in Booth recognized that for a remedy to be "available," there must be the "possibility of some relief . . . ." 532 U.S. at 738. While defendants are correct that Booth held that the PLRA exhaustion requirements have "a decidedly procedural emphasis," see id. at 738-39, "[t]he obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown, 422 F.3d at 935.

Whether administrative remedies are "available" hinges on whether the relevant administrative officials have the authority to take some action, despite the fact that they are unable to provide an inmate with the form of relief he requests. Booth, 532 U.S. at 741. Accord Clement v. Cal. Dep't of Corr., 220 F. Supp. 2d 1098, 1106 (N.D. Cal. 2002) (concluding that the plaintiff adequately exhausted his administrative remedies when his two grievances were resolved in his favor while they were pending with the prison); Brady v. Attygala, 196 F. Supp. 2d 1016, 1021 (C.D. Cal. 2002) ("When Brady's grievance was 'granted' at the second level of review, there was little else he could seek or expect from the prison administrative process; he had 'won' his appeal and had been granted all the relief he sought in his grievance."); Gomez v. Winslow, 177 F. Supp. 2d 977, 985 (N.D. Cal. 2001) ("Because [plaintiff] had, in essence, 'won' his inmate appeal, it would be unreasonable to expect him to appeal that victory before he is allowed to file suit.").

Here, plaintiff requested that he be interviewed by defendant Sahota and be immediately transferred to a medical facility. In his accompanying 1824 request, plaintiff sought

6

daily physical therapy and an appointment with an orthopedist.  Plaintiff's appeal was partially granted at the first formal of review.  Plaintiff then appealed to the second formal level of review.  Plaintiff's appeal was partially granted at the second level, as well.  Plaintiff did not appeal to the third level of review until nearly three months later, at which point his appeal was denied as untimely.

Plaintiff argues that because his appeal was granted in part, he did not need to appeal to the third level of review.  This is an incorrect understanding of the law.  As defendants correctly point out, remedies remained available to plaintiff, including an immediate transfer to a medical facility and an appointment with an orthopedic specialist.  Notably, plaintiff's appeal was partially granted at the first level of review, which he nonetheless appealed because he had not yet been transferred to a medical facility.  Based on these reasons, the court finds that plaintiff failed to exhaust his administrative remedies as to these defendants.

B.     SVSP Defendants

Defendants Rhoads, Pompan, Bright and Sepulveda also seek dismissal on the ground that plaintiff failed to exhaust his administrative remedies as to them.  They assert that the inmate appeal, which was filed at CSP-Sac on April 29, 2009 and finalized in December 2009, addressed CSP-Sac's failure to address his medical needs and failure to transfer him to a medical facility.  Plaintiff's appeal, however, was screened out at the third level of review five months before he was transferred to SVSP where Rhoads, Pompan, Bright and Sepulveda are employed.  In his opposition, plaintiff does not address this argument other than to say that these defendants were aware of his medical needs yet failed to act.  This is insufficient.  Accordingly, the motion to dismiss should be granted on this ground.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' June 7, 2011 motion to dismiss be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

7

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: August 18, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

10  /014;grif2525.mtd