UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. GRIFFIN,<br><br>    Plaintiff,<br><br>    v.<br><br>J. CLARK KELSO, et al.,<br><br>    Defendants. | No.  2:10-cv-2525 MCE AC P<br><br><br><br>ORDER |

    This case is before the court on remand from the Ninth Circuit.  ECF No. 50.  Plaintiff's claims against defendants Bal, Sahota, Nangalama, Masuret, and Woods were previously dismissed for failure to exhaust administrative remedies.  ECF Nos. 37, 42.  On appeal the Ninth Circuit reversed, finding that the motion to dismiss was granted in error because plaintiff claimed that he was satisfied with the administrative relief he received at the first and second levels of review, but holding that on remand defendants could contest whether plaintiff was actually satisfied using the procedures set forth in <u>Albino v. Baca</u>, 747 F.3d 1162, 1169-71 (9th Cir. 2014) (en banc).  ECF No. 50 at 2-3.  Defendants accordingly filed a motion for summary judgment arguing that plaintiff was not in fact satisfied by the relief he received and was therefore not excused from properly completing the grievance process.  ECF No. 62.  On May 20, 2016, the undersigned issued Findings and Recommendations recommending that defendants' motion for summary judgment be denied.  ECF No. 68.

Since that time, the United States Supreme Court issued its opinion in Ross v. Blake, 136 S. Ct. 1850 (2016), and defendants requested and were given leave to file supplemental objections to the Findings and Recommendations (ECF Nos. 70, 71). In their supplemental objections, defendants argue that the satisfaction exception articulated in Harvey v. Jordan, 605 F.3d 681 (9th Cir. 2010), which was the basis for the Ninth Circuit's remand, has been abrogated by Ross. ECF No. 72. In light of the opinion in Ross and defendants' contention that the timeliness of plaintiff's third-level appeal is once again at issue,[1] defendants' motion for summary judgment (ECF No. 62) and the May 20, 2016 findings and recommendations (ECF No. 68) will be vacated. Defendants will be given an opportunity to file another motion for summary judgment that briefs the issues of (1) plaintiff's satisfaction; (2) how the decision in Ross impacts the satisfaction exception set forth in Harvey; and (3) whether plaintiff properly exhausted the grievance process, including whether his third-level appeal was properly rejected as untimely.

In addressing whether plaintiff's third-level appeal was properly rejected as untimely, defendants should address the fact that the regulations appear to be silent as to the timeframe for appealing an *acceptable* lower level appeal decision.[2] In responding to the motion for summary judgment, plaintiff should address any arguments raised by defendants and explain why he believes the rejection for untimeliness was incorrect. He should also explain what, if any, steps he took to challenge the rejection. Plaintiff is also advised that he should pay close attention to the requirements for responding to a motion for summary judgment outlined in the attached notice required by Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc).[3] In particular, plaintiff is directed to the requirements that he dispute or admit each fact listed in defendants' statement of undisputed facts and support his opposition with evidence. Any declarations

---

[1] The issue of timeliness was previously briefed on a motion to dismiss, which is no longer the proper method for asserting failure to exhaust where the lack of exhaustion is not clear on the face of the complaint. Albino, 747 F.3d at 1166. In light of plaintiff's claim that his third-level appeal was incorrectly rejected (ECF No. 1 at 3), exhaustion is not clear on the face of the complaint.

[2] "An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an *unacceptable* lower level appeal decision." Cal. Code Regs. tit. 15, § 3084.6(c) (2009) (emphasis added).

[3] Defendants should still provide plaintiff with a Rand notice when they serve him with their motion for summary judgment.

plaintiff relies on must be signed under penalty of perjury or they are not evidence.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment (ECF No. 62) and the May 20, 2016 findings and recommendations (ECF No. 68) are VACATED.

2. Defendants shall have thirty days from service of this order to file and serve a motion for summary judgment in accordance with this order.  If defendants fail to file a motion for summary judgment, the court will proceed with issuing a discovery and scheduling order.

DATED: August 5, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, **you must show proof of your claims**.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. **For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b).** If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. April 3, 2014).