UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>J. CLARK KELSO, et al.,<br><br>Defendants. | No. 2:10-cv-2525 MCE AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On remand, this case proceeds on plaintiff's claims against defendants Bal, Sahota, Nangalama, Masuret, and Woods. ECF No. 50.

Plaintiff's claims against defendants were previously dismissed for failure to exhaust administrative remedies. ECF Nos. 37, 42. On appeal, the Ninth Circuit found that "Griffin claimed that he was 'satisfied' with the administrative relief partially granted to him at the first and second levels of administrative review. Once prison officials at California State Prison Sacramento purported to grant relief with which Griffin was satisfied, Griffin's exhaustion obligation ended" and defendants' motion to dismiss was therefore granted in error. ECF No. 50 at 2-3. However, the Ninth Circuit also held that on remand defendants could contest whether plaintiff was actually satisfied, using the procedures set forth in Albino v. Baca, 747 F.3d 1162, 1169-71 (9th Cir. 2014) (en banc). Id. at 3.

Defendants proceeded to move for summary judgment on the issues of plaintiff's satisfaction and exhaustion of administrative remedies. ECF No. 62. After the undersigned recommended denying the motion (ECF No. 68), the United States Supreme Court issued its opinion in Ross v. Blake, 136 S. Ct. 1850 (2016). As a result, the motion for summary judgment and findings and recommendations were vacated and defendants were given an opportunity to file a motion for summary judgment that addressed Ross's impact on plaintiff's exhaustion. ECF No. 74. Defendants filed another motion for summary judgment (ECF No. 75), which was denied (ECF No. 95). During briefing on the summary-judgment motion, plaintiff retained counsel (ECF No. 80), and prior to the District Judge's adoption of the findings and recommendations, the parties requested a settlement conference (ECF No. 94). The settlement conference was unsuccessful. ECF No. 101.

Accordingly, pursuant to the provisions of Federal Rules of Civil Procedure 16 and 26 and Local Rule 240, IT IS HEREBY ORDERED that:

1. Within thirty days of the filing of this order, the parties shall confer and submit a joint status report and proposed schedule that briefly sets out their views on the following matters:

   a. Possible joinder of additional parties;

   b. Any expected or desired amendment of the pleadings;

   c. Jurisdiction and venue;

   d. Anticipated motions and the scheduling thereof;

   e. The deadline for initial disclosures. If any party objects to the appropriateness of initial disclosures, an explanation must be provided;

   f. Anticipated discovery and the scheduling thereof;

   g. Future proceedings, including setting appropriate cutoff dates for discovery and law and motion and the scheduling of a pretrial conference and trial;

   h. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

   i. Whether this matter is to be tried before this court or the district court. See 28 U.S.C. § 636(c);

j. Any other matters that may add to the just and expeditious disposition of this matter.

2. If the parties are unable to submit a single proposed schedule because they cannot agree on deadlines, the joint status report must reflect each party's proposed deadlines. For any deadlines upon which the parties are unable to agree, each party must provide an explanation of their position on the appropriateness of their proposed deadline.

3. Counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. Local Rule 160.

IT IS SO ORDERED.

DATED: February 14, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE