UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KENNETH A. GRIFFIN | No. 2:10-cv-2525 MCE AC P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| J. CLARK KELSO, et al., | |
| Defendants. | |

Plaintiff, formerly a state prisoner, is proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion for leave to amend. ECF No. 106. Defendants oppose amendment. ECF No. 108. Counsel for both parties appeared at hearing on the motion. ECF No. 111.

I.     <u>Procedural Background</u>

This case commenced on September 17, 2010, with the filing of a pro se complaint. ECF No. 1. The case was dismissed on October 24, 2011, ECF No. 42 (adopting ECF No. 37), but the Ninth Circuit reversed in part and remanded on July 13, 2015, ECF No. 50. Following remand, defendants moved for summary judgment on grounds of administrative non-exhaustion. ECF No. 62. Plaintiff's response to that motion included an unauthorized sur-reply in which he requested leave to amend the complaint to add a claim under Title II of the Americans with Disabilities Act. ECF No. 66. The request for leave to amend was denied. ECF No. 68. The summary judgment

1

motion was vacated without prejudice in light of new Supreme Court authority, and was renewed on September 17, 2016. ECF Nos. 74, 75. Counsel for plaintiff first appeared on October 31, 2016, during the course of briefing on the motion. ECF Nos. 80, 81. Defendants' motion for summary judgment was denied. ECF No. 95 (adopting ECF No. 93).

Following an unsuccessful settlement conference, the court issued a scheduling order which permitted plaintiff to file this motion for leave to amend the complaint. ECF No. 104.

II. <u>Allegations of the Original Pro Se Complaint</u>

Plaintiff alleges deliberate indifference to his medical needs, in violation of his Eighth Amendment rights, by various medical and correctional staff at New Folsom and Salinas Valley State Prisons. The Ninth Circuit affirmed dismissal of the Salinas Valley defendants. ECF No. 50. Accordingly, the case proceeds against New Folsom defendants Dr. Bal, Dr. Sahota, and Correctional Counselors Nangalama, Masuret, and Woods.

The original complaint alleges that since approximately March 2008, plaintiff has suffered from serious medical conditions including a degenerative hip condition, mobility issues related to his right knee, osteoarthritis, and asthma. ECF No. 1 at 12, ¶ 16. Plaintiff also alleges that his right elbow is "STUCK at a 90° angle" as the result of a failed surgery in 2009. <u>Id.</u> Plaintiff requires daily physical therapy to combat his deteriorating mobility and constant nursing care because he is unable to complete basic daily functions such as dressing, grooming, and cleaning himself. <u>Id.</u> He alleges that defendants are aware of his serious medical needs and have either denied or delayed his receipt of proper medical treatment and housing in a medical facility. <u>Id.</u> at 4, 12-14, ¶¶ 2-6, 16-21.

III. <u>Motion for Leave to Amend</u>

Plaintiff's proposed amended complaint seeks to add the California Department of Corrections and Rehabilitation ("CDCR") as a defendant, as well as "Doe" defendants 1 through 10. ECF No. 106-1 at 1-2, ¶¶ 2 & 8. Plaintiff also seeks to add claims under Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act ("RA") of 1973. <u>Id.</u> at 6-7, ¶¶ 31-43. These claims, but not the § 1983 claim, are stated against CDCR as well the previously-named individual defendants. Additionally, the

proposed amended complaint alleges that each individually named defendant acted pursuant to the policy, customs, and practices of the CDCR. Id. at 2, ¶ 9.[1] The predicate factual allegations regarding plaintiff's medical needs and defendants' acts and omissions are largely unchanged from the pro se complaint. Id. at 3-5, ¶¶ 12-24.

Plaintiff asserts that leave to file a first amended complaint should be granted in the interest of justice. ECF No. 106 at 3. He argues that public policy favors permitting amendment because it allows cases to be determined on their merits and that granting his motion to amend will not unfairly prejudice defendants because the motion was timely filed per the court's scheduling order. Id. at 3-4. Plaintiff also argues that adding the CDCR as an additional defendant is not barred by the statute of limitations because defendants were already sued in their official capacities in the original complaint, which is the same as a lawsuit against the government entity they represent. Id. Plaintiff further asserts that his amendment is not pursued in bad faith, nor is it a sham, because defendants can be held liable for additional violations under the ADA and RA. Id.

Defendants urge the court to deny plaintiff leave to amend because he was not diligent in pursuing the legal theories he now presents and the new claims are time-barred. ECF No. 108 at 3-13. Specifically, they argue that plaintiff has failed to offer any kind of explanation for his delay in attempting to amend the complaint and that the proposed claims, based on new facts and legal theories not previously alleged, are untimely and should not be permitted because they do not relate back to the original complaint. Id. at 4-12. Defendants further assert that plaintiff improperly seeks to present novel legal claims which would require additional factual allegations, add ten "Doe" defendants, and name the CDCR as a new defendant, and that allowing the requested amendment at this late stage would impose significant prejudice on defendants' discovery and trial preparation. Id. at 1, 5-6. Finally, defendants argue that plaintiff fails to provide factual allegations sufficient to state cognizable claims against the Doe defendants or for relief under the ADA and RA. Id. at 6-7, 9-10.

---

[1] The proposed amended complaint does not identify any such policy, or specify customs and practices giving rise to liability. Id.

3

IV. Legal Standards

Plaintiff's motion is governed by Federal Rule of Civil Procedure 15. Once the time for amending as a matter of course has passed, Rule 15(a)(2) permits an amended pleading "only with the opposing party's written consent or the court's leave." In considering whether to grant leave to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).

Of the factors the district court must consider, "prejudice to the opposing party . . . carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there is a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (citation omitted) (emphasis in original). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected. Id. (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may deny leave to amend. Curry v. Yelp, Inc., 875 F.3d 1219, 1228 (9th Cir. 2017) (the Ninth Circuit will affirm denial of leave to amend "if it is clear . . . that the complaint could not be saved by any amendment." (citation and internal quotation marks omitted)).

Futility alone may be grounds for denying leave to amend. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987) (quoting Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)). Amendment is futile where the applicable statute of limitations bars the proposed amendments. Deutsch v. Turner Corp., 324 F. 3d 692, 718 n.20 (9th Cir. 2003); Platt Elec. Supply Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008) (citations omitted).

////

V. Discussion

   A. Doe Defendants

The proposed amended complaint names Doe defendants, but makes no factual allegations regarding any individual whose identity is unknown to plaintiff. ECF No. 106-1.[2] At the hearing, plaintiff's counsel stated that he did not oppose striking the Doe defendants from the proposed amended complaint. The court will therefore analyze the motion without reference to the Doe defendants, who are deemed voluntarily dismissed from the proposed amended complaint.

   B. Plaintiff unduly delayed in seeking leave to amend

Although plaintiff filed his motion to amend within the time provided by the court's scheduling order, that does not mean that he did not unduly delay in bringing his new claims. AmerisourceBergen Corp v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006). In assessing undue delay in the amendment context, the court examines "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Id. (citations and internal quotation marks omitted). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986) (citation omitted).

Plaintiff's proposed amendment seeks to add claims under the ADA and RA against the CDCR and the previously-named individual defendants. ECF No. 106-1 at 6-7. However, aside from the fact that the CDCR receives federal funds (ECF No. 106 at 3),[3] and the entirely conclusory assertions that defendants were acting "pursuant to the policies, customs, and

---

[2] Plaintiff alleges that "each of the fictitiously named defendants is responsible *in some manner* for the occurrences herein alleged. . ." Id. at 2. ¶ 7 (emphasis added). "Doe" pleading may be appropriate where the identity of a specific tortfeasor is unknown to the plaintiff, Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999), but it does not provide a vehicle for the pleading of unidentified wrongs.

[3] This fact is not stated in the proposed amended complaint, but is asserted in plaintiff's motion to amend. Paragraph 38 of the proposed amended complaint consists of a single incomplete sentence: "Plaintiff is informed and believes and thereon alleges that defendant CDCR [….]" ECF No. 106-1 at 7, ¶ 38. Based on plaintiff's briefing and counsel's representations at hearing, the court concludes that plaintiff intended to here allege CDCR's receipt of federal funds.

practices of [CDCR]" (ECF No. 106-1 at 2, ¶ 9), the factual allegations in plaintiff's proposed amended complaint are a nearly identical reproduction of portions of his original complaint (compare ECF No. 1 at 4, 12-14, ¶¶ 2-6, 16-21 with ECF No. 106-1 at 3-5, ¶¶ 12-24). Accordingly, plaintiff cannot reasonably argue that the facts supporting these claims were not known to him when he initiated this action.

Additionally, as defendants point out, plaintiff previously sought leave to amend the complaint to add claims under the ADA. ECF No. 66. Plaintiff was accordingly aware of that particular theory of relief at least as early as December 2015, when he attempted to amend in pro se. When his motion to amend was denied in May 2016, plaintiff was advised that in order to assert a claim under the ADA, he was required to "allege that he was denied proper medical care *because of* his disability." ECF No. 68 at 13 (emphasis in original). Even if the court assumes that plaintiff did not have the requisite knowledge to bring his new claims for relief until December 2015, he waited over two years after his initial motion to amend was denied before bringing the instant motion to amend. Although plaintiff implies that his former pro se status excuses the delay (ECF No. 106 at 3), he has been represented by counsel since October 2016, and he provides no explanation for the lengthy delay between the appearance of counsel and the filing of the pending motion to amend.

Accordingly, the undersigned finds that plaintiff has unduly delayed in bringing these new claims. Because "delay… by itself is insufficient to justify denial of leave to amend," DCD Programs, 833 F.2d at 186, the court turns to the other Foman factors.

C. Granting leave to amend would be futile

Two of defendants' arguments against amendment are best understood as futility issues: (1) the statute of limitations; and (2) the sufficiency of plaintiff's allegations to state a claim under the ADA and RA. These matters are closely related, and create a Catch-22 for plaintiff. In sum, plaintiff's putative disability rights claims are timely only if they arise from the same events at issue in the original complaint and do not rest on any additional, newly alleged facts – but without the allegation of new and additional facts, plaintiff cannot state a claim under the ADA

////

6

and RA.  Accordingly, the putative new claims are either time-barred or fail to state a claim for relief.

1. <u>Plaintiff's claims are brought long after expiration of the limitations period</u>

With respect to plaintiff's proposed claims under the ADA and RA, California's three-year statute of limitations for actions created by statute applies. <u>Sharkey v. O'Neal</u>, 778 F.3d 767, 773 (9th Cir. 2015).  California law provides that when a litigant is incarcerated for a term of less than life, the applicable limitations period is tolled for two years on grounds of "disability."  Cal. Civ. Proc. Code § 352.1(a).  Applying the additional two years for tolling due to plaintiff's imprisonment, he had five years to initiate an action under the ADA or RA.  The Ninth Circuit has also held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process.  <u>Brown v. Valoff</u>, 422 F.3d 926, 942-43 (9th Cir. 2005).  At the latest, plaintiff officially exhausted his administrative remedies when his third-level appeal was rejected on December 30, 2009.[4]  ECF No. 93 at 9, 15. Assuming plaintiff's controlling statute of limitations began to run on that date, his five-year limitations period expired on December 30, 2014, nearly three and a half years before he submitted the proposed amended complaint.[5]

Because the statute of limitations has long since run, the new claims are time-bared unless they relate back to the original complaint within the meaning of Rule 15(c) of the Federal Rules of Civil Procedure.  <u>Valadez-Lopez v. Chertoff</u>, 656 F.3d 851, 857-58 (9th Cir. 2011).  For an amendment to relate back, the claim must have arisen out of the same conduct, transaction, or occurrence set forth in the original pleading.  Fed. Rule Civ. P. 15(c)(1)(B).  "We will find such a link when the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading."  <u>In re Dominguez</u>, 51 F.3d 1502, 1510 (9th Cir. 1995) (citations and some internal quotation marks omitted).  Where the alleged facts upon which plaintiff's

---

[4] The court previously found that plaintiff was satisfied by the first and second level responses to his appeals, thereby completing exhaustion at that time, and that to the extent he had not been granted the relief he sought, his delay in proceeding to the third level was excused.  ECF No. 93 at 15, adopted in full by ECF No. 95.

[5] The court notes that plaintiff's limitations period had also been expired for approximately one year when he originally tried to amend the complaint to add ADA claims. ECF No. 66 at 4.

7

additional claims are based arise out of the same conduct as his original claim, the Ninth Circuit has found relation back proper. Santana v. Holiday Inns, Inc., 686 F.2d 736, 739 (9th Cir. 1982) ("Once the defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added.").

If the amended complaint seeks to add new defendants or state claims which are based on allegations arising out of an event independent of that described in the original complaint, there can be no relation back. Percy v. San Francisco General Hosp., 841 F.2d 975, 980 (9th Cir. 1988) (finding no relation back where the "amended complaint did more than merely change the legal theory on which [plaintiff's] action . . . [was] based" and instead "implicated an entirely new set of actors who [were] alleged to have injured [plaintiff] in a proceeding which occurred subsequent to, and independent of, the events on which [he] based his original Title VII discrimination claim"). Additionally, "an amendment will not relate back where the amended complaint 'had to include additional facts to support the [new] claim.'" Echlin v. PeaceHealth, 887 F.3d 967, 978 (9th Cir. 2018) (alteration in original) (quoting Williams v. Boeing Co., 517 F.3d 1120, 1133 (9th Cir. 2008)) (finding no relation back where claims arose from same general transaction, but original "complaint failed to allege at least two facts critical to support [the new statutory claim]"). Defendants argue that plaintiff's claims do not arise out of the same conduct, transaction, or occurrence established in the original complaint. ECF No. 108 at 8.

The proposed amended complaint newly alleges that "Defendants were aware of the limitations and the inability of [plaintiff] to participate in programs because of his condition" but "failed to take any reasonable steps to enable . . . [plaintiff] to participate in the programs." ECF No. 106-1 at 6-7, ¶¶ 34-35, 41-42. Because plaintiff does not identify any program with specificity, or identify any particular defendant's acts or omissions that impeded plaintiff's access to any program, it is not immediately apparent whether the putative disability rights claims arise from the same conduct as the original Eighth Amendment claims. However, the original complaint did refer to plaintiff's "A.D.A. needs" in the context of the acts alleged to violate the Eighth Amendment:

Plaintiff is informed and believes and thereon alleges, that

> defendants have . . . been aware of Plaintiff[']s A.D.A. needs, mobility and degenerative hip condition, need for treatment, therapy and housing at [a] medical facility, as well as constant daily pain yet defendants continue to act with Deliberate Indifference to Plaintiff[']s serious medical needs.

ECF No. 1 at 13, ¶ 17. The original complaint also alleges that

> defendants have on [a] consistent basis, failed/refused to provide Plaintiff with medical treatment for [his] degenerative hip condition, assist in/ have medical staff help [him] with dressing, keeping [his] body clean, help with grooming, provide therapy, A.D.A. accom[m]odations or housing Plaintiff in [a] designated medical facility.

Id., ¶ 19.

At hearing on the motion to amend, plaintiff's counsel argued in effect that the ADA and RA claims are new theories for relief predicated on the same facts alleged in support of the Eight Amendment claim. Counsel directed the court to paragraphs 19 and 21 of the proposed amended complaint, which allege in general terms that plaintiff was not accommodated or housed in compliance with the ADA, as the factual predicate for the new ADA and RA claims. Both plaintiff's pleadings and his argument at hearing reflect a theory that equates the disability accommodation and medical housing issues. Accordingly, the court further notes that the proposed amended complaint also alleges, in language identical to the original complaint, that:

- In May 2010, defendant Sahota failed to act on a request from plaintiff that he be moved to a medical facility;
- On April 16, 2010, defendant Masuret and the Unit Classification Committee denied plaintiff's request for transfer to a medical facility;
- On April 15 and 16, 2010, defendant Woods failed to take action to ensure plaintiff's transfer to a medical facility.

ECF No. 106-1 at 3-4, ¶¶ 13, 15, 16; ECF No. 1 at 4, ¶¶ 3, 5, 6.

Because plaintiff appears to rely on the same facts originally pled to support his putative ADA and RA claims against the individual defendants, and has not included any new allegations (other than an entirely conclusory general allegation) that he was denied access to programs available to other inmates, the new claims appear to relate back to the original complaint within

9

the meaning of Rule 15.[6] However, because the facts alleged in support of the Eighth Amendment claim are insufficient as a matter of law to state a claim for relief under the ADA or RA, plaintiff's success on the relation back issue leads nonetheless to a finding of futility on other grounds.

    2. <u>Plaintiff's allegations fail to state cognizable claims under the ADA and Rehabilitation Act</u>

In order to state a claim under Title II of the Americans with Disabilities Act (ADA), a plaintiff must allege that

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007) (alteration in original) (citation and internal quotation marks omitted).[7] The elements of a claim under § 504 of the Rehabilitation Act (RA) are the same, with the additional requirement under the RA that the program at issue receive federal funds. Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001) (citation omitted).

"The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)); see also Bryant, 84 F.3d at 249 ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice."). Accordingly, facts

---

[6] The court understood plaintiff's counsel to argue at the hearing that the program to which plaintiff was denied access was housing in a medical facility. Setting aside the question whether a housing assignment can constitute access to a "program" for purposes of the ADA or RA, reliance on plaintiff's previous allegations regarding the denial of transfer to a medical facility would appear to satisfy the relation back standard of Rule 15(c)(1)(B). Amendment to add any other allegations of program exclusion would not involve the same conduct, transaction or occurrence at issue in the original complaint and therefore would be time-barred.

[7] The U.S. Supreme Court has held that Title II of the ADA applies to state prisons. Pennsylvania Dep't. of Corrections v. Yeskey, 524 U.S. 206, 209-210 (1998).

10

sufficient to state a claim for deliberate indifference to plaintiff's medical needs are not sufficient to state a claim under the ADA. The proposed amended complaint does not allege any facts that would, if true, establish that any defendant discriminated against plaintiff on the basis of his disability. Indeed, the proposed amended complaint is devoid of specific factual allegations involving plaintiff's exclusion from programming because of disability, denial of services because of disability, or any other discriminatory act, let alone allegations demonstrating discriminatory intent. The complaint focuses on the inadequate *response* to plaintiff's disability and medical needs, which presents an Eighth Amendment issue but not an ADA or RA issue.

In support of the disability rights claims, the proposed amended complaint alleges in general terms that "[d]efendants were aware of the limitations and inability of [plaintiff] to participate in programs because of his condition" but "failed to take reasonable steps to enable . . . [plaintiff] to participate in the programs." ECF No. 106-1 at 6-7 ¶¶ 34-35, 41-42. At the hearing, counsel asserted that plaintiff was denied housing and unspecified programs that might have been available. However, a claim that plaintiff was denied access to some theoretically available program of an unspecified nature is insufficient to support relief. Furthermore, the proposed amended complaint states that plaintiff was sent to a Disability Placement-Mobility facility (ECF No. 106-1 at 3-4, ¶ 15), which indicates that he was not denied access to a housing facility that could accommodate his disability needs. To the extent plaintiff alleges he was wrongfully denied housing in a medical facility, that is a matter encompassed by his Eighth Amendment claim; there are no allegations that a medical housing placement, or any other medical care, was denied on the basis of plaintiff's disability.

However plaintiff characterizes the "program" at issue, the absence of facts supporting an inference of discriminatory intent dooms his claims. At the hearing, counsel pointed to paragraphs 19 and 21 of the proposed amended complaint as containing the necessary facts. However, these allegations relate to the adequacy of plaintiff's medical treatment and include no facts either directly or circumstantially relevant to defendants' motives. Paragraph 19 states "that the defendants were aware of [plaintiff's] needs pursuant to the American[s] with Disabilit[ies] Act, mobility and degenerative hip condition, need for treatment, therapy and housing at a

11

1 | medical facility, as well as constant daily pain but chose to ignore his condition." ECF No. 106-1

2 | at 4, ¶ 19. Paragraph 21 adds that

> [f]rom March 2008 to the time of his transfer to another facility, defendants on a consistent basis, failed/refused to provide plaintiff with medical treatment for his degenerative hip condition, assist in or have medical staff help him with dressing, keeping his body clean, help with grooming, provide therapy, A.D.A. accommodation or housing plaintiff in a designated medical facility.

Id. at 5, ¶ 21. Contrary to plaintiff's argument at the hearing, there mere fact that defendants were aware of plaintiff's needs does not demonstrate that they denied him accommodations or treatment "because of" his disability. At most, these allegations establish that defendants were aware of and disregarded plaintiff's serious medical needs, which states a claim for deliberate indifference. As set forth above, claims of deliberate indifference are distinct from claims under the ADA and RA.

Moreover, to the extent plaintiff appears to allege that defendants discriminated against him in accordance with a policy, custom, or practice of the CDCR (ECF No. 106-1 at 2, ¶ 9), he fails to identify the official policies or customs with sufficient particularity to state a cognizable claim against defendants. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007))); Hayes v. Voong, 709 F. App'x 494, 495 (9th Cir. 2018) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)) (affirming dismissal of ADA and RA claims against defendants in their official capacities because the complaint did not identify policy or custom that allegedly violated federal law).

Finally, the court notes that although the ADA and RA claims are stated "against all defendants," these statutes do not support damages claims against defendants in their individual capacities. See Daniel v. Levin, 172 F. App'x 147, 149 (9th Cir. 2006) (Plaintiff "cannot seek damages or injunctive relief pursuant to the ADA or Rehabilitation Act (RA) against the defendants in their individual capacities." (citing Eason v. Clark Cty. Sch. Dist., 303 F.3d 1137, 1145 (9th Cir. 2002)); see also Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual

12

capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). And because plaintiff is no longer incarcerated, injunctive relief cannot be had from CDCR or from defendants in their official capacities.[8]

For all these reasons, the new claims plaintiff wishes to assert are insufficient as a matter of law and would be subject to dismissal for failure to state a claim. Any further amendment to cure the identified defects would necessarily be time-barred for the reasons previously discussed. See Williams v. Boeing Co., 517 F.3d at 1133 (no relation back where new statutory claim involved same general course of events but required pleading of additional critical facts). Accordingly, the undersigned concludes that the proposed amendments are futile.

### D. Amendment would prejudice the defendant

Defendants argue persuasively that plaintiff's amended complaint, which includes a new defendant and two new statutory causes of action, would unduly prejudice their defense of this lawsuit. ECF No. 108 at 5-6, 11. They assert that adding the ADA and RA claims is improper because it would not have been possible for any defendant to have received timely notice of these additional claims in order to adequately defend on the merits. Id. Additionally, defendants argue that adding the CDCR as a defendant is prejudicial because CDCR could not have reasonably anticipated on the basis of the original complaint that it would be named as a defendant at all.[9] Id. at 11-12. Defendants argue that the additional defendants and new legal claims would require a different course of action in this case. Id. at 5-6, 11.

Although discovery is still open and the dispositive motion deadline has not yet passed, this case is approaching its eighth year. See ECF No. 1. The new claims proffered by plaintiff require investigation into a different set of circumstances, specifically whether plaintiff's disabilities were accommodated and whether any accommodations were denied because of plaintiff's disability. ECF No. 108 at 5. Defendants argue, and plaintiff has not disputed, that the

---

[8] The pro se complaint sought injunctive relief; the proposed amended complaint does not. Defendants' mootness argument regarding injunctive relief is therefore inapposite as to the motion to amend.

[9] The pro se complaint stated a § 1983 claim only. ECF No. 1. State agencies such as CDCR cannot be liable under § 1983. Alabama v. Pugh, 438 U.S. 781 (1978) (state corrections department not proper defendant in prisoners' § 1983 lawsuit).

CDCR's document retention period has long since expired as to the events placed in issue by the complaint, and memories have likely faded. Id. Defendants conceded at the hearing that there may be some overlap in the documentary evidence needed to defend against the original Eighth Amendment claim and the proposed ADA and RA claims. However, the ADA and RA claims also raise distinct factual issues which cannot be resolved on the record preserved in response to the Eighth Amendment claim. For example, while the original complaint put defendants on notice of the need for documentation regarding plaintiff's suitability for housing at a medical facility in 2009 and 2010, it provided no indication of the need to preserve documents related to the availability of any specific programs, plaintiff's access to such programs, and the basis for any denials of access.

Although plaintiff stressed at the hearing that housing was raised in his original complaint and that information regarding available programming should have therefore been preserved, the original complaint does not allege a denial or lack of programs and instead alleges the denial of housing at a medical facility and the inadequacy of the available treatment and therapy. To ask defendants to prepare evidence regarding new claims or find witnesses at such a late date is inherently prejudicial and not warranted by any circumstances presented in plaintiff's motion for leave to amend. As a result, it is well within the court's discretion to deny plaintiff's motion to amend based solely on the prejudice factor against defendants.

E. Conclusion

For the reasons explained above, the undersigned finds that the proposed amended complaint is unduly delayed, that the proposed amendments would be futile, and that amendment would prejudice defendants. Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to amend the complaint (ECF No. 106) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within

fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: August 7, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE