UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. GRIFFIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. CLARK KELSO, et al.,<br><br>　　　　　Defendants. | No. 2:10-cv-2525 MCE AC P<br><br><br>ORDER |

The parties have filed a second stipulation to modify the scheduling order. ECF No. 120. When the court adopted the parties' original proposed schedule for this case, the parties were warned that "given the age of this case and the generous deadlines here established, future request for extension of time will be viewed with disfavor." ECF No. 104 at 1. In granting the first request to modify the scheduling order in order to accommodate scheduling conflicts and reduce travel related to the completion of non-expert depositions, the parties were "warned that further extensions of time [would] be disfavored, absent a showing of extraordinary cause." ECF No. 115 at 1. They were further warned that [s]cheduling conflicts arising from last minute attempts to notice depositions [we]re unlikely to be considered an extraordinary cause." Id.

The parties now seek to extend the deadlines in this case on the grounds that, given the recent substitution of counsel for defendants, additional time is required to allow counsel to get caught up on the case and to conduct the remaining depositions. ECF No. 120 at 2-3. They assert

1

that "March is the earliest month when the depositions can reasonably be scheduled" given the expected scheduling conflicts and desire to minimize travel between Los Angeles and Sacramento. Id. at 3. They seek to extend the non-expert witness deposition, close of expert discovery, and dispositive motion deadlines by approximately sixty days and the deadlines for disclosing and deposing experts by approximately ninety days.

It is not clear from the parties' stipulation whether additional time is needed for the non-expert depositions because they have to be rescheduled due to the substitution of counsel, or whether they have to be scheduled in the first instance. Nor is it clear whether any attempts to begin scheduling the depositions has been made. The court has been clear that extensions of the deadlines in the scheduling order would be disfavored, and while the substitution of counsel does warrant some extension of the current deadlines, there has not been a showing sufficient to warrant the extensions requested. The court will therefore extend the current deadlines by forty-five days and no further extensions of time will be granted absent a showing of extraordinary cause.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulation to modify the scheduling order (ECF No. 120) is granted in part.

2. The deadline for plaintiff's counsel to conduct the defendants' depositions, according to the terms originally noticed, and for defendants' counsel to take the nonparty witness depositions is March 18, 2019. Any discovery motions related to these depositions must be noticed for the hearing to take place by this date and shall be brought in accordance with the procedures set forth in Local Rule 251.

3. The deadline for disclosing experts shall be April 18, 2019, with any rebuttal expert witness disclosures due by May 2, 2019. Expert depositions shall be conducted by June 10, 2019.

4. Expert discovery shall close on July 11, 2019. Any discovery motions related to expert discovery must be noticed for the hearing to take place by this date and shall be brought in the same manner as motions related to non-expert discovery.

////

5. The dispositive motion deadline shall be August 14, 2019. Accordingly, any notices of motion and accompanying motions shall be filed on or before July 17, 2019, with the hearing noticed to take place no later than August 14, 2019. Any motion so filed shall be briefed pursuant to Local Rule 230.

6. All other deadlines set forth in the March 29, 2018 scheduling order (ECF No. 104) shall remain unchanged.

DATED: January 22, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE