UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. GRIFFIN, | No. 2:10-cv-2525 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| J. CLARK KELSO, et al., | |
| Defendants. | |

Defendants have filed a request for a status conference related to non-expert discovery. ECF No. 122. Specifically, they seek to discuss how to proceed on non-expert discovery and clarification or modification of the non-expert discovery deadlines. Id. The request will be denied.

I.     Procedural Background

By order filed March 29, 2018, the undersigned issued a scheduling order which adopted the parties' proposed schedule with only minor modifications. ECF No. 104. Due to the age of the case and generous deadlines, the parties were warned that requests for extension would be viewed with disfavor. Id. at 1. The deadline for non-expert discovery, including hearings on any related motions, was set for November 30, 2018. Id. The day before the non-expert discovery deadline expired, the parties filed a stipulation to extend the deadline for non-expert witnesses to January 31, 2019, with any motions related to the depositions to be noticed for the hearing to take

1

place by that date. ECF No. 114. The stipulated extension, which also called for the extension of deadlines related to expert discovery and dispositive motions, was granted and the order provided that all other deadlines set forth in the March 29, 2018 scheduling order remained unchanged. ECF No. 115 at 2. The parties were further warned that further extensions would be disfavored unless there was a show of extraordinary cause, and that scheduling conflicts due to last minute attempts to notice depositions were unlikely to meet that burden. Id. at 1.

On January 8, 2019, defendants filed a proposed substitution of counsel (ECF No. 116), which was granted after they filed a properly signed proposal (ECF No. 119). Shortly thereafter, the parties filed another stipulated request to modify the scheduling order. ECF No. 120. They sought to extend the deadlines for non-expert witness depositions, the close of expert discovery, and dispositive motions by approximately sixty days and the deadlines for disclosing and deposing expert witnesses by approximately ninety days. Id. The request was made based on current defense counsel's recent substitution and need to get caught up on the case and conduct the remaining depositions. Id. at 2-3. The parties were reminded that the court had "been clear that extensions of the deadlines in the scheduling order would be disfavored," and although the substitution of counsel did warrant some extension of the deadlines, the parties had failed to supply sufficient information to warrant the extensions requested. ECF No. 121 at 2. The deadlines were then extended by forty-five days, bringing the deadline for the completion of non-expert depositions, including hearings on any related motions, to March 18, 2019. Id. Once again, the parties were reminded that all deadlines from the March 29, 2018 scheduling order that were not addressed by the order modifying the schedule would remain unchanged. Id. at 3.

Defendants' filed the instant request for a telephonic status conference on April 28, 2019. ECF No. 122.

II.     Request for Status Conference

Defendants seek a telephonic status conference to discuss non-expert discovery. ECF No. 122. In the request for a telephonic status conference, defendants state that they believed the deadline for non-expert written discovery was March 18, 2019. Id. at 2. To that end, they served timely requests for non-expert written discovery on March 15, 2019, but plaintiff's counsel has

refused to respond to the requests on the ground that, aside from depositions, non-expert discovery closed on November 30, 2018. Id. Defendants further assert that their counsel attempted to meet and confer with plaintiff's counsel, but that plaintiff continued to refuse to provide responses to the requests served on March 15, 2019. Id. Finally, defendants assert that if they were incorrect and non-expert written discovery did in fact close on November 30, 2018, there is good cause to re-open discovery because current counsel was not substituted in until January 2019; counsel quickly sought to extend the time to complete depositions and completed them well before the March 18, 2019 deadline; counsel believed the March 18, 2019 deadline also applied to written discovery and non-expert written discovery was timely served on March 15, 2019; the requested discovery will aid the court in assessing a dispositive motion seeking dismissal of the case; plaintiff's counsel stonewalled and has failed to respond to previous requests for written discovery and defendants' previous counsel did not take steps to compel responses; and defendants would be prejudiced if plaintiff is not required to respond to their requests. Id. at 3.

### III. Meet and Confer

In seeking a telephonic status conference, defendants' counsel appears to be attempting to utilize the undersigned's procedure for informal telephonic conferences related to discovery disputes, which requires that the parties first meet and confer to attempt to resolve their disputes prior to raising them with the court. Defendants have provided copies of e-mail communications between counsel as evidence that the parties conferred and were unable to come to an agreement without court intervention. ECF Nos. 122-2. However, both the undersigned's procedure for informal telephonic conferences and requirements for regular discovery disputes require that "**[t]he parties must meet and confer in person or via telephone or video conferencing**." Procedure for Informal Telephonic Conferences at 1 (emphasis in original); see also Standing Order at 2 (requiring same for standard discovery hearings).[1] There is no evidence that counsel

---

[1] The Procedure for Informal Telephonic Conferences and Standing Order are available at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/.

3

for the parties conferred in person or via telephone or video conferencing. This alone is sufficient grounds to deny the request. However, as set forth below, defendants' request will also be denied because it is untimely.

IV. Defendants' Request Is Untimely

The deadline for propounding non-expert written discovery and conducting hearings on any related motions expired on November 30, 2018. The stipulated requests for extension and subsequent orders explicitly stated that the deadlines for non-expert discovery were extended for depositions and deposition related motions and that all other deadlines remained unchanged. There is no other reasonable interpretation of these orders other than that the non-expert discovery deadline was extended only as to depositions. However, even if defendants were correct that the deadline for *all* non-expert discovery was extended to March 18, 2019, the request for a telephonic status conference related to non-expert discovery would be untimely, as it was filed on April 28, 2019, over a month after the deadline expired.[2] The undersigned's policy regarding informal telephonic conferences is not a means by which parties can seek to evade discovery deadlines, and any informal conferences related to non-expert discovery were required to take place prior to the expiration of the applicable deadlines. Should defendants wish to utilize informal telephonic conferences to resolve disputes related to expert discovery, they are welcome to do so as that deadline has not passed. However, the time non-expert discovery, including the time for related motions, fully closed on March 18, 2019.

V. Good Cause and Extraordinary Circumstances

Finally, defendants claim that if they were mistaken about the discovery deadline, then non-expert discovery should be re-opened and extended. However, defendants have failed to show good cause for the untimeliness of their request, let alone the extraordinary cause they have been warned would be required to further extend the deadlines in this case. Although defendants argue that they would be prejudiced because current counsel did not begin to represent them until

---

[2] The court notes that even if the deadline for non-expert written discovery had been extended to March 18, 2019, requests served on March 15, 2019, would be untimely because completion of discovery includes the time for timely responses to discovery requests.

4

January 2019, it is not as though they were unrepresented prior to that date. Defendants have been represented since their first appearances in this case. Defendants have failed to show that any failures to act by previous counsel were due to excusable neglect or extraordinary circumstances such that the re-opening and extension of non-expert discovery is warranted. Furthermore, as defendants point out, current counsel substituted into this case in January 2019, but the request for a status conference related to non-expert discovery was not filed until approximately three and a half months later and over a month after non-expert discovery had fully closed. That delay is equally unexplained.

VI.     Conclusion

Accordingly, IT IS HEREBY ORDERED that defendants' request for a telephonic status conference (ECF No. 122) is denied.

DATED: May 3, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE